(No. 1149—Claimant awarded $5,000.00.)

CLARA CARROLL, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 26, 1927.*

LEASE—*when State as lessor not liable.* The State as lessor of its property is not liable for injuries sustained by claimant by reason of a defect in the premises occupied by its lessee.

EQUITY AND GOOD CONSCIENCE—*award may be made.* An award may be entered in favor of claimant on grounds of equity and good conscience, although no legal liability exists against the State.

LEE O'NEIL BROWNE, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The declaration filed by claimant alleges that she is a married woman living with her family in the city of Ottawa, in LaSalle county, Illinois; that on September 6, 1925, and for a number of years prior thereto, and from thence down to the present time, the State of Illinois was, and still is, the owner of and possessed of a large tract of land located in said county, consisting of about 1,000 acres, known and called "Starved Rock State Park"; on and within which, at a certain point there were, are now and have ever been since said defendant owned said territory, certain buildings, to-wit:—a large hotel and annex, a large refreshment pavilion and other buildings and structures, all of which defendant leases to concessioners at certain fixed prices, to operate and carry on, for

remuneration, for the accommodation of the general public who travel to said park and patronize said concessions; that it is the duty of defendant to keep said buildings and appurtenances thereto reasonably safe for the use of the general public; that one of said buildings, viz., the refreshment pavilion, is an enclosed building, having within it, among other spaces, an ice cream and refreshment parlor with tables and chairs, at which tables customers are served, which said building has along the front of it on the west or entrance side, a long porch running north and south, which said porch is elevated above the surrounding ground a space of six feet, which said porch is reached by a set of steps extending from the ground up to said porch, composed by treads and risers, ten to twelve feet long; that the surface of the ground upon which said pavilion is located, and for a considerable distance surrounding same, was on said day and for a long time prior to said day, covered with a fine hard sifting sand, that, by the action of the wind and otherwise, forms and formed a fine thin film or coating over every adjacent structure, including the steps and porch in question; that on the day in question said steps and treads and said porch were each and every one cov-. ered with said film or thin coating of fine sand; that said film rendered same slippery and unsafe for those of the visiting public who had occasion to pass up said steps onto said porch; that defendant should have a substantial, permanent, handrail at each side of said flight of steps and a handrail down the center of said flight of steps, to the end that those of the public who had occasion to pass up and down said steps might take hold of one of said handrails and avoid falling in case of stepping on said film or coating of fine sand; that defendant wholly regardless of its duty in that behalf on date aforesaid, negligently failed and neglected to place any guard or handrails at either side or in the center of said flight of steps and failed to keep said treads of said flight of steps free from said film or coating of sand, and by reason thereof, claimant on said day as she was about to descend said flight of steps, and while in the exercise of all due care and caution for her own safety, slipped and was thrown and fell violently to and upon said steps, breaking her knee cap or her right knee completely in two and otherwise seriously injuring her; that by reason thereof she has been compelled to lay out large sums of money endeavoring to be cured of her said injuries, to-wit:—$300.00;

that she was prevented from doing her house work for many months, having to hire it done, and was compelled to move about on crutches till the latter part of the month of March succeeding her injury, and she claims damages in the sum of $5,000.00.

The State of Illinois, by the Attorney General, has filed a demurrer to this declaration, which is sustained as a matter of law.

While there is technically no legal liability on the part of the State of Illinois, to reimburse claimant, on account of the injuries received by her as set forth in the declaration, in equity and good conscience, we award claimant the sum of $5,000.00.